UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. _____

HOWARD ALBERT and MARIA SOYKA,
on behalf of themselves and all others
similarly situated,

         Plaintiffs,

  v.

EQUITRUST LIFE INSURANCE
COMPANY,

         Defendant.

## CLASS ACTION COMPLAINT

### I.  INTRODUCTION

1.  EquiTrust Life Insurance Company ("EquiTrust") is a life insurance company with over $17 billion in assets. It specializes in selling life insurance designed to assist insureds with wealth transfer goals. According to EquiTrust, the benefits of this life insurance include: (1) death benefits that bypass probate and are generally tax-free to the beneficiaries; (2) tax-deferred growth; (3) guaranteed minimum cash value and death benefit; and (4) access to partial withdrawals and loans. Generally speaking, these policies pay benefits at either surrender or death.

2.  According to the policies, when insureds surrender the policy they receive the greater of a Minimum Guaranteed Cash Value or the Accumulation Value less a Surrender Charge. When an insured dies, her beneficiaries receive the greater of the Face Amount of the policy or the Minimum Cash Value or Accumulation Value multiplied by certain factors. Under the policy, outstanding Loan Balances are the only additional deductions permitted from these final payments. Nevertheless, in practice, when a policy is paid either by surrender or death, EquiTrust makes two additional and impermissible deductions. First, EquiTrust deducts a Cost of Insurance charge,

despite the fact that the policy will not be in force for the remainder of the year when the ostensibly purchased insurance would otherwise provide coverage, meaning that the deduction is nothing more than an unearned and undeserved profit to EquiTrust.  Second, Equitrust deducts a Policy Expense Charge for servicing the policy, despite the fact that the policy will no longer be serviced for the remainder of the year when the ostensibly purchased insurance would otherwise provide coverage, meaning that this deduction also is nothing more than an unearned and undeserved profit to EquiTrust.

3. As a result, insureds or their beneficiaries are assessed thousands of dollars of fees for future services that are not rendered when the policies are paid.  These fees are not permitted under the language of EquiTrust's policies, language that EquiTrust itself drafted.

## II.   PARTIES

4. Plaintiff Howard Albert is a resident of Miami-Dade County, Florida.  On July 11, 2014, Mr. Albert purchased policy number EQ0001208091L.

5. Plaintiff Maria Soyka is a resident of Palm Beach County, Florida.  On August 19, 2013, Ms. Soyka purchased policy number EQ0001180395L.  On December 18, 2014, Ms. Soyka purchased policy number EQ0001223162L.

6. EquiTrust is a life insurance company headquartered in Chicago, Illinois. EquiTrust started in 2003 as a subsidiary of FBL Financial Group.  In 2011, Guggenheim Partners purchased EquiTrust and, in 2013, moved its headquarters to Illinois.  In 2015, Magic Johnson Enterprises became EquiTrust's controlling shareholder.  In 2016, EquiTrust surpassed $17 billion in assets.

## III.   JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a), because this is an action for an amount exceeding $5,000,000, exclusive of

interest and costs, and in which at least one class member is a citizen of a state different than EquiTrust.

8. This Court also has personal jurisdiction over EquiTrust because it continuously and systematically operates, conducts, engages in, and carries on business in Florida by writing, issuing, servicing and paying policies in Florida. The Court also has specific personal jurisdiction over EquiTrust because EquiTrust's wrongful conduct at issue in this lawsuit occurred in Miami-Dade County, Florida. Accordingly, EquiTrust is subject to Florida's long arm jurisdiction under Fla. Stat. § 48.193.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because Mr. Albert's cause of action accrued within this judicial district and a substantial part of the events, acts, and omissions giving rise to the claims occurred here. Furthermore, Mr. Albert and Ms. Soyka are Florida residents and EquiTrust routinely operates and solicits business in this district, and EquiTrust's wrongful acts in this district have impacted the general public of this district.

## IV.   FACTUAL ALLEGATIONS

**A.   Mr. Albert and Ms. Soyka purchase life insurance policies from EquiTrust.**

10. On July 11, 2014, Mr. Albert purchased policy number EQ0001208091L from EquiTrust, attached as Exhibit A, for a $70,895.42 premium. On August 19, 2013, Ms. Soyka purchased policy number EQ0001180395L from EquiTrust, a copy of the Annual Statement from that policy is attached as Exhibit B, for a $40,000.00 premium. On December 18, 2014, Ms. Soyka purchased policy number EQ0001223162L from EquiTrust, attached as Exhibit C, for a $50,000.00 premium. The policies provided both a Death Benefit Amount and a Cash Surrender Value.

11. Every year, on the anniversary of the policy, Mr. Albert and Ms. Soyak, like all insureds, received an Annual Report from EquiTrust. A copy of Mr. Albert's Annual Report from

July 11, 2015, to July 11, 2016, is attached as Exhibit D and a copy of Ms. Soyka's Annual Report from December 18, 2015, to December 18, 2016, is attached as Exhibit E.  The Annual Reports start by listing the Beginning Accumulation Value, which was the value of the policy for the prior year. Added to that Beginning Accumulation Value, based upon certain schedules and investments not pertinent to the claims here, would be Interest Credited.  Annually subtracted from the Beginning Accumulation Value would be Cost of Insurance and Policy Charge/Fee.

12.     Pursuant to Section 5.3 of the uniform policies, the Cost of Insurance represented the risk and insurance rate for the coverage.  The Cost of Insurance was to "be deducted on the Policy Date and each Policy Anniversary thereafter."  There was no provision to deduct any additional Cost of Insurance and Cost of Insurance was only to be deducted on the Policy Anniversary.  Specifically, the policies did not permit the imposition of a Cost of Insurance charge upon either the surrender of the policy or payment of the death benefit.

13.     Pursuant to Section 5.6 of the uniform policies, a Policy Expense Charge is to be deducted for the administration of the policies.  This Policy Expense Charge is to be deducted "on the Policy Date and each Policy Anniversary thereafter."  There is no provision to deduct any additional Policy Expense Charge, and a Policy Expense Charge can only be deducted on the Policy Anniversary.  Specifically, the policies did not permit the imposition of a Policy Expense Charge upon either the surrender of the policy or payment of the death benefit.

14.     Separate sections in the uniform policies defines the Death Benefit Amount and the Cash Surrender Value of the policy.  The sections details, in great specificity, the calculus to determine these payments.  Neither section permits an additional reduction for the Policy Expense Charge or Cost of Insurance. Pursuant to Section 2.1 of the policies, the Death Benefit Amount is the greater of:

- The Face Amount on the date of death, less any Loan Balance; or
- The Greater of the Accumulation Value or the Minimum Guaranteed Cash Value on the date of death, multiplied by the Minimum Required Death Benefit Percentage for the Insured's Attained, Age, sex and Premium Class, less any Loan Balance.

No other deductions are listed.

Pursuant to Section 6.2, the Cash Surrender Value is the greater of:

- The Accumulation Value less the Surrender Charge, if any, and less any Loan Balance; or
- The Minimum Guaranteed Cash Value less any Loan Balance.

No other deductions are listed.

15. Section 8.1 of the policies, titled "Entire Contract," stated:

This policy is a legal contract. We issue this Policy in consideration of the Single Premium and the statements in the Application. The entire contract consists of:

- This Policy;
- Any endorsements or additional benefit riders; and
- The attached copy of your Application which includes any amendments, supplemental applications, or other attached papers.

**B.   Mr. Albert surrenders his policy.**

16. On July 12, 2017, Mr. Albert requested to surrender policy number EQ0001208091L. A copy of the letter acknowledging that request is attached as Exhibit F. EquiTrust responded by sending Mr. Albert a surrender request form that Mr. Albert executed on August 9, 2017. A copy of that form is attached as Exhibit G.

17. In executing the surrender of Mr. Albert's policy, EquiTrust deducted $1,698.33 for Policy Charges/Fees and Cost of Insurance. Pursuant to Section 5.6 of the policy, EquiTrust

was only permitted to deduct Policy Charges/Fees[1] on the Policy Anniversary, not again at the time of surrender. Additionally, pursuant to Section 6.2 of the policy, Mr. Albert's Cash Surrender Value was not to be reduced for Policy Charges/Fees.

18. Pursuant to Section 5.3 of the policy, EquiTrust was only permitted to deducted Cost of Insurance on the Policy Anniversary, not again at the time of surrender. Additionally, pursuant to Section 6.2 of the policy, Mr. Albert's Cash Surrender Value was not to be reduced for Cost of Insurance.

**C.     Ms. Soyka maintains her policies.**

19. Ms. Soyka still owns both her EquiTrust policies. Pursuant to her most recent Annual Reports, attached as Composite Exhibit H, Ms. Soyka would be assessed Policy Charge/Fee of $1,313.72 and Cost of Insurance Charge $396.35 on policy number EQ0001223162L upon surrender or payment of the death benefit and Policy Charge/Fee $1,299.02 and Cost of Insurance Charge $456.57 on policy number EQ0001180395L upon surrender or payment of the death benefit.

## V.     CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this action against Defendant pursuant to Rules 23(a), (b)(2), and (b)(3), of the Federal Rules of Civil Procedure, on behalf of themselves and all other persons and entities similarly situated. Plaintiffs seek certification of the following classes (referred to as the "Class 1 and Class 2"):

**Class 1**

> All individuals and entities who during the relevant limitations period owned life insurance policies issued by or on behalf of EquiTrust that did not state that Cost of Insurance and Policy

---

[1] There is no Policy Charges/Fees mentioned in the policy. It appears, however, that this refers to the Policy Expense Charge.

>Charges/Fees would be deducted from the Cash Surrender Value and Death Benefit and were charged Cost of Insurance or Policy Charges/Fees upon the surrender of the policy or payment of death benefits from the policy.
>
>Excluded from the Class are EquiTrust and its affiliates and related companies, its directors, corporate officers, and its immediate family members, and any government entity.

**Class 2**

>All individuals and entities who during the relevant limitations period owned life insurance policies issued by or on behalf of EquiTrust that did not state that Cost of Insurance and Policy Charges/Fees would be deducted from the Cash Surrender Value and Death Benefit and who have not surrendered the policies or received payment of death benefits from the policies.
>
>Excluded from the Class are EquiTrust and its affiliates and related companies, its directors, corporate officers, and its immediate family members, and any government entity.

**A.    Numerosity**

21.    The Classes each consist of thousands of current and former policyholders and beneficiaries who purchased life insurance policies from EquiTrust that did not state that Cost of Insurance and Policy Charges/Fees would be deducted from the Cash Surrender Value and Death Benefit.

22.    The names and addresses of all Class members can be identified in the business records maintained by the Defendant.  The precise number of Class members will be obtained through discovery but based on publicly available information, the numbers are clearly more than can be consolidated in one action, and it is impractical for each Class member to bring suit individually.  For example, EquiTrust, whose primary line is life insurance, had over $17 billion in assets in 2016.  That amount of assets indicates thousands of policies.  The Plaintiffs do not anticipate any difficulties in the management of the action as a class action.

**B.     Commonality**

23.     There are questions of law and fact that are common to the claims of Plaintiffs and the Class.  These common questions predominate over any questions that are particular to any individual Class member.  Among such common questions of law and fact are the following:

   a.   Whether EquiTrust deducted Cost of Insurance upon payment of either the Cash Surrender Value or Death Benefit to Class members;

   b.   Whether EquiTrust deducted Policy Charge/Fees upon payment of either the Cash Surrender Value or Death Benefit to Class members;

   c.   Whether EquiTrust breached its policy when it deducted Cost of Insurance from either the Cash Surrender Value or Death Benefit paid to Class members;

   d.   Whether EquiTrust breached its policy when it deducted Policy Charge/Fees from either the Cash Surrender Value or Death Benefit paid to Class members;

   e.   Whether EquiTrust intends to deduct Policy Charge/Fees and Cost of Insurance from the Cash Surrender Value and Death Benefit of current policy holders in the future;

   f.   The amount of damages the Class members sustained as a result of the Defendant's wrongful conduct, and the proper measure of such damage.

**C.     Typicality**

24.     Plaintiffs' claims are typical of the claims of the Classes because of the similarity, uniformity, and common purpose of the Defendant's unlawful conduct.  Each Class member has sustained damages as a result of the Defendant's wrongful conduct in the same manner as the Plaintiff – that is, each Class member was or will have her policy benefits improperly reduced by Cost of Insurance and Policy Charge/Fees.

**D.     Adequacy of Representation**

25.     Plaintiffs are adequate representatives of the Classes and will fairly and adequately protect the interests of the Class.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in litigation of this nature, to represent them.

There is no hostility between Plaintiffs and the unnamed Class members.  Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

26.     To prosecute this case, Plaintiffs have chosen the law firms of Buckner + Miles and Baron and Herskowitz. These law firms are experienced in class action litigation and have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

**E.     Requirements of Fed. R. Civ. P. 23(b)(3)**

   **1.    Predominance**

27.     The questions of law or fact common to the claims of the Plaintiffs and the Class predominate over any questions of law or fact affecting only individual members of the Class.  All claims by Plaintiffs and the unnamed Class members are based on the Defendant's improper deductions, in breach of the express terms of the common form policies.

28.     Common issues predominate when, as here, liability can be determined on a Class-wide basis.

29.     As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the class, as it is in this case, common questions will be held to predominate over individual questions.

30.     Because all claims by Plaintiffs and the unnamed Class members are based on the same misconduct by the Defendant, in particular, that the Defendant deducts Cost of Insurance and Policy Fee/Charges from the Cash Surrender Value or Death Benefit—in direct contravention of the express terms of the policies— the predominance requirement of Fed. R. Civ. P. 23(b)(3) is satisfied.

**2. Superiority**

31. A class action is superior to hundreds of individual actions in part because of the non-exhaustive factors listed below:

   a. Joinder of all Class members would create extreme hardship and inconvenience because of their geographical dispersion. Class members reside throughout the United States.

   b. Individual claims by the Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake. The Defendant is large and well-funded. Moreover, some of the Class members have ongoing contractual relationships with Defendant, which may make some Class members fearful or reluctant to pursue their claims, even if they had the resources to do so. As a result, individual Class members are unable to prosecute and control separate actions.

   c. The interests of justice will be well served by resolving the common disputes of potential Class members in one forum.

   d. The action is manageable as a class action; individual lawsuits are not economically maintainable as individual actions.

**F. Requirements of Fed. R. Civ. P. 23(b)(2)**

32. Defendant has acted or failed to act in a manner generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**BREACH OF CONTRACT**
**(ON BEHALF OF CLASSES 1 AND 2)**

33. Plaintiffs re-allege and incorporate paragraphs 1 through 31 of this Complaint as if fully set forth herein.

34. EquiTrust entered into life insurance policies with Plaintiffs and the Class members.

35. In Plaintiffs' and the Class members' policies, EquiTrust stated that the Cost of Insurance and Policy Expense Charge would only "be deducted on the Policy Date and each Policy

Anniversary thereafter." EquiTrust was not permitted to deduct any additional Cost of Insurance and Policy Expense Charges and could only make such deductions on the Policy Anniversary.

36. EquiTrust further explicitly stated in the policy what would be deducted from the policy to determine the Cash Surrender Value and the Death Benefit. Cost of Insurance and Policy Fees/Charge, particularly those for the future, were not permissible deductions under the policies.

37. EquiTrust breached the policies with Plaintiffs and the Class members by deducting and, more recently, announcing in Annual Reports sent to Class members after they purchased their policies that it will deduct Cost of Insurance and Policy Fee/Charges from the Cash Surrender Values and Death Benefits paid to policyholders and their beneficiaries.

38. By deducting Cost of Insurance and Policy Fee/Charges from Plaintiffs' and the Class members' Cash Surrender Values and Death Benefits, EquiTrust breached its policies with Plaintiffs and the Class members, resulting in damages to Plaintiff and the Class members.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated individuals and entities, demand judgment against EquiTrust for compensatory damages, pre- and post-judgment interest, attorneys' fees, costs incurred in bringing this action, and any other relief the Court deems just and proper.

## COUNT II
## INJUNCTIVE RELIEF
## (ON BEHALF OF CLASS 2)

39. Plaintiff Soyka re-alleges and incorporates paragraphs 1 through 26 and 32 of this Complaint as if fully set forth herein.

40. EquiTrust's scheme to charge Plaintiff Soyka and Class 2 members a Policy Charge/Fee and Cost of Insurance Charge will continue to cause Plaintiff Soyka and Class 2 members significant economic loss.

41. A money judgment will only compensate Plaintiff Soyka and individual Class 2 members for past losses. It will not stop EquiTrust from charging the Plaintiff Soyka and the Class 2 members these impermissible charges in the future.

42. No Class member has a practical or adequate remedy, either administratively or at law, to recover these future losses. The cost of pursuing such claims far exceeds the amount at issue.

43. Even a class action such as the one contemplated in this case is a monumental undertaking that cannot be mounted on a regular basis.

44. Where multiple lawsuits are required to redress repeated wrongs, there is no adequate remedy at law and irreparable harm exists.

45. Requiring EquiTrust to stop charging Plaintiff Soyka and Class 2 members a Policy Charge/Fee and Cost of Insurance Charge does not place an undue hardship on EquiTrust because EquiTrust has no contractual right to these charges. Moreover, EquiTrust's practice of charging a Policy Charge/Fee and Cost of Insurance Charge places a substantial and significant burden on Plaintiff Soyka and the Class members because it deprives them of funds to which they are otherwise entitled.

46. The public interest is not offended by requiring EquiTrust to stop charging Plaintiff Soyka and the Class 2 a Policy Charge/Fee and Cost of Insurance Charge because EquiTrust did not contract for these fees.

**WHEREFORE**, Plaintiff Soyka, on behalf of herself and all similarly situated individuals and entities, demands injunctive relief against EquiTrust, prohibiting it from charging Plaintiff Soyka and Class 2 a Policy Charge/Fee and Cost of Insurance Charge upon surrender of the policy or payment of death benefits, and any other relief the Court deems just and proper.

**COUNT III**
**DECLARATORY RELIEF**
**(ON BEHALF OF CLASS 2)**

47. Plaintiff Soyka re-alleges and incorporate paragraphs 1 through 26 and 32 of this Complaint as if fully set forth herein.

48. EquiTrust received, and continues to receive, a Policy Charge/Fee and Cost of Insurance Charge for the following year on policies that are surrendered or pay the death benefit. These charges are not permitted under the policy. EquiTrust has been unjustly enriched by collecting and retaining the Policy Charge/Fee and Cost of Insurance Charge for its own benefit.

49. EquiTrust's scheme to charge Plaintiff Soyka and Class 2 a Policy Charge/Fee and Cost of Insurance Charge to which they did not agree will continue to cause Plaintiff Soyka and the Class 2 members significant economic loss.

50. A money judgment will only compensate individual Class members for past losses. It will not prevent EquiTrust from charging Plaintiff Soyka and Class 2 members a Policy Charge/Fee and Cost of Insurance Charge in the future.

51. No Class 2 member has a practical or adequate remedy, either administratively or at law, to recover these future losses. The cost of pursuing such claims far exceeds the amount at issue.

52. Even a class action such as the one contemplated in this case is a monumental undertaking that cannot be mounted on a regular basis.

53. Where multiple lawsuits are required to redress repeated wrongs, there is no adequate remedy at law and irreparable harm exists.

**WHEREFORE**, Plaintiff Soyka, on behalf of herself and all similarly situated individuals and entities, seeks a declaration that EquiTrust may not charge a Policy Charge/Fee and Cost of

Insurance Charge for the following year on policies that are surrendered or pay the death benefit and any other relief the Court deems just and proper.

**RELIEF REQUESTED**

Plaintiffs respectfully request that this Court:

A. Certify this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3); appoint Plaintiffs the representatives of the Classes; and appoint Buckner + Miles and Baron and Herskowitz as Class Counsel;

B. Award Plaintiffs and the Classes all common law, compensatory, and special damages as well as restitution and statutory remedies for EquiTrust's violations of law and breaches of contract, including pre- and post-judgment interest on these amounts;

C. Declare that the EquiTrust improperly collects and retains the Policy Charge/Fee and Cost of Insurance Charge for the remainder of the year following surrender or death of the insured, and that it has breached and anticipatorily breached its contracts by improperly retaining the Policy Charge/Fee and Cost of Insurance Charge that it has charged the Plaintiffs and the Classes upon surrender of the policy or payment of the death benefit;

D. Enjoin EquiTrust from charging the Plaintiffs and the Classes a Policy Charge/Fee and Cost of Insurance Charge in the future upon surrender of the policy or payment of the death benefit;

E. Award Plaintiffs and the Classes damages;

F. Award Plaintiffs and the Classes their attorney's fees, costs, and expenses; and

G. Award Plaintiffs and the Classes such further relief as is appropriate in the interests of justice.

**DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial on any and all counts for which trial by jury is permitted by law.

DATED:  February 14, 2018

Respectfully submitted,

**BUCKNER + MILES**

By /s/ Seth Miles
Seth E. Miles, Esq., FBN 385530
David M. Buckner, Esq., FBN 60550
Brett E. von Borke, Esq., FBN 0044802
3350 Mary Street
Coconut Grove, Florida 33133
Telephone: 305.964.8003
E-mail: david@bucknermiles.com
E-mail: seth@bucknermiles.com
E-mail: vonborke@bucknermiles.com

Jon Herskowitz, Esq., FBN 814032
Baron & Herskowitz
9100 S. Dadeland Boulevard, Suite 1704
Miami, Florida 33156-7817
Telephone: 305.670.0101
E-mail: jon@bhfloridalaw.com

*Counsel for Plaintiff and the Proposed Class*